FILED

2021 Oct-12  AM 08:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| JUSTIN HUTCHINS, | ) | |
| PLAINTIFF, | ) | |
| V. | ) | CASE NO.: |
| HOLDER CONSTRUCTION | ) | |
| COMPANY, | ) | PLAINTIFF DEMANDS TRIAL |
| DEFENDANT(S). | ) | BY STRUCK JURY |

## COMPLAINT

## JURISDICTION

1.      This action for injunctive relief and damages is brought under 28 U.S.C. §§ 1331, 1343(4), 2201, 2202, 29 U.S.C. § 2617(a)(2). The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights caused by the Defendant.

2.      This suit is authorized and instituted under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, the "Civil Rights Act of 1991;" 42 U.S.C. § 2000e, et seq. (Title VII).

3.      This suit is authorized and instituted under 42 U.S.C. § 1981. This is a suit authorized and instituted under "Section 1981."

4.     Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the last discriminatory act (Exhibit A).  Plaintiff further sued within ninety (90) days after receipt of the right-to-sue letter issued by the EEOC (Exhibit B).

## PARTIES

5.     Plaintiff, Justin Hutchins, ("Plaintiff" or "Hutchins") is a resident of Stevenson, Jackson County, and performed work for the Defendant in the counties composing the Northern District of Alabama during the events of this case.  Thus, under 28 U.S.C. § 1391(b), venue for this action lies in the Northeastern Division.

6.     Defendant Holder Construction Company ("Defendant") is a company registered and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama that it is subject to service of process in Alabama.

7.     Defendant employed at least five hundred (500) employees.

## FACTS

8.     Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

9.     Hutchins is a person of African ancestry, colloquially referred to as" Black."

10.    Hutchins began his employment with defendant on or about July 11, 2018, and given the title Concrete Labor Helper.

11.    As part of his job, Hutchins created concrete forms and poured concrete using carpentry skills.

12.    Hutchins performed this work on his own and did not work under the direction of other, more experienced carpenters.

13.    Hutchins received no discipline indicating that he did not the requisite carpentry skills to perform his job adequately.

14.    Hutchins received no discipline indicating that he did not perform the operator position adequately.

15.    Hutchins received no negative performance reviews.

16.    Plaintiff was at the time and still is certified to be an operator.

17.    Plaintiff received less pay than his white peers, who performed the same job.

18.    Plaintiff was paid $14.00 per hour.

19.    Plaintiff's white peers, Ray Avans; Tristan Holder; David Holder; Payton Stevens; and Alexander (LNU), were all paid $20 - $22 per hour.

20.    Hutchins performed the same work as his co-workers.

21.    Plaintiff did not work under the direction of his white co-workers.

22.    Plaintiff had the same skills as his white co-workers.

23.    Plaintiff complained to Payne about the difference in pay and asked for a raise to equal the pay of his white co-workers.

24.     The Defendant reacted to Plaintiff's complaints about discriminatory pay by demoting him to a sweeper.

25.     Until Plaintiff's complaints about racially discriminatory pay, Plaintiff had not been assigned to the role of sweeper.

26.     On May 23, 2019, Plaintiff again asked about the disparity in pay.

27.     On May 24, 2019, Defendant terminated Plaintiff's employment.

28.     Defendant told Plaintiff that he was terminated because his request for a raise to be paid the same as his white co-workers was considered offensive and non-compliant.

29.     Defendant operates on a construction site.

30.     Defendant does not have a policy forbidding cursing in the work environment.

31.     Other employees, who did not complain about disparities in pay based on race have used profanity, even in an aggressive manner.

32.     Those employees, who also used foul language but did not complain about discriminatory pay practices, were not terminated.

## COUNT I: 42 U. S. C. § 1981 DISPARATE TREATMENT

33.     Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

34.     Plaintiff is a person of African ancestry colloquially known as black or African American. African ancestry colloquially known as black or African American

35.     Plaintiff was qualified for and performed the position of carpenter.

36.     Plaintiff was qualified for and performed the position of operator.

37.     Defendant did not pay Plaintiff the pay rate associated with carpenter, despite the fact that he fulfilled all the duties of a carpenter.

38.     White employees who performed the work of carpenter were paid more than Hutchins.

39.     Because of Defendant's discriminatory decision to pay Hutchins less than white employees performing the same work made in whole or in part because of race, Plaintiff has lost pay and continues to be paid less.

40.     Defendant's decision to not pay Plaintiff  the same as his white peers was made, in whole or part, because of his race.

41.     Because of Defendant's violation of 42 U. S. C § 1981, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

42.     Defendant's decision to not pay Plaintiff equally to his white peers was made, in whole or part, because of its race in violation of 42 U. S. C. § 1981.

43.     Because of Defendant's violation of 42 U. S. C. § 1981, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

## COUNT II: TITLE VII - RACE FAILURE TO PROMOTE

44.     Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

45.     Plaintiff is a person of African ancestry colloquially known as black or African American.

46.     Plaintiff was qualified for lead positions.

47.     Hutchins was qualified for operator positions.

48.     Plaintiff was qualified for and performed the Carpenter position.

49.     Defendant maintains a policy that title of the position determines the pay rate of the person performing the job.

50.     Hutchins, although hired in the title of laborer, performed the work of a carpenter or operator.

51.     Hutchins performed that role independently and not under the supervision of the other carpenters.

52.     Hutchins asked to be promoted to lead positions.

53.     Hutchins asked to be promoted to operator positions.

54.     Hutchins performed the role of carpenter.

55.     Hutchins performed the role of operator.

56.     Defendant did not promote Plaintiff to the title of carpenter.

57.     Defendant did not promote Hutchins to the title of operator.

58.     White employees who performed the carpenter role were promoted to or initially titled as carpenters.

59.     Plaintiff applied for multiple positions from the time he was hired to the time he was terminated.

60.     Defendant did not promote Plaintiff.

61.     Because of Defendant's discriminatory decision made in whole or in part because of race, Plaintiff has lost pay and continues to be paid less.

62.     Defendant's decision to not promote Plaintiff was made, in whole or part, because of his race.

63.     Plaintiff's race was a motivating factor in the decision not to promote Hutchins to the title and pay of the positions in which he was working.

64.     Because of Defendant's violation of Title VII, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

65.     Defendant's decision to not promote Plaintiff was made, in whole or part, because of its race in violation of 42 U. S. C. § 1981.

66.     Because of Defendant's violation of 42 U. S. C. § 1981, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

## COUNT III: TITLE VII – DISPARATE PAY

67.    Plaintiff incorporates by reference and realleges each of the preceding paragraphs as set out herein.

68.    Plaintiff is a person of African ancestry colloquially known as black or African American .

69.    Plaintiff was qualified for the positions of Carpenter and Operator.

70.    On May 23, 2019, Plaintiff complained to Defendant's employee, Chris Payne, of disparate treatment on the basis of race.

71.    On May 24, 2019, Defendant's employee, Chris Payne, terminated Plaintiff's employment.

72.    Payne told Plaintiff that he was being terminated because he complained about the disparate pay.

73.    Defendant's actions in terminating Plaintiff's employment violated Title VII.

74.    Because of Defendant's violation of Title VII, Plaintiff has been damaged, suffering loss of pay and benefits.

75.    Defendant's terminated Plaintiff's employment because he complained about racially discriminatory pay.

76.    But for Plaintiff's complaint, his employment would not have been terminated.

77.     Because of Defendant's discriminatory decision made in whole or in part because of his race, Plaintiff suffered loss of pay, benefits, and mental anguish.

## COUNT III: 42 U. S. C. § 1981 DISCHARGE

78.     Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

79.     Plaintiff is a person of African ancestry colloquially known as black or African American .

80.     Plaintiff was qualified for the position of May 24, 2019.

81.     On or about May 24, 2019, Defendant terminated Plaintiff's employment.

82.     Because of Defendant's discriminatory decision made in whole or in part because of itshis race, Plaintiff has lost pay and continues to be paid less.

83.     Because of Defendant's violation of 42 U. S. C § 1981, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

84.     Defendant's decision to terminate Plaintiff's employment was made, in whole or part, because of its race in violation of 42 U. S. C. § 1981.

85.     Because of Defendant's violation of 42 U. S. C. § 1981, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

## COUNT IV: TITLE VII RETALIATION

86.     Plaintiff incorporates by reference and realleges each of the preceding paragraphs as set out herein.

87.     Plaintiff is a person of African ancestry colloquially known as black or African American .

88.     Plaintiff was qualified for the positions of Carpenter and Operator.

89.     On May 23, 2019, Plaintiff engaged in protected activity when he complained to Defendant's employee, Chris Payne, of racially disparate treatment.

90.     On May 24, 2019, Defendant's employee, Chris Payne, terminated Plaintiff's employment.

91.     Payne told Plaintiff that he was being terminated because he complained about the disparate pay.

92.     Later, Defendant alleged that Hutchins was terminated because he used curse words aggressively.

93.     Defendant does not prohibit the use of curse words in the workplace.

94.     Defendant did not issue progressive discipline for Hutchins' use of profanity.

95.     Other employees who were not complaining about racially discriminatory pay practices have used curse words in an aggressive manner but not been terminated.

96.   Defendant's actions in terminating Plaintiff's employment violated Title VII.

97.   Because of Defendant's violation of Title VII, Plaintiff has been damaged, suffering loss of pay and benefits.

98.   Defendant terminated Plaintiff's employment because he complained about racially discriminatory pay.

99.   But for Plaintiff's complaint, his employment would not have been terminated.

100.   Because of Defendant's discriminatory decision made in whole or in part because of his protected activity, Plaintiff suffered loss of pay, benefits, and mental anguish.

101.   Defendant violated Title VII by terminating Plaintiff for engaging in protected activity.

## COUNT V: 42 U. S. C. § 1981 RETALIATION

102.   Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

103.   Plaintiff was qualified for his position and able to perform the essential functions of the job.

104.   On or about May 23, 2019May 23, 2021, Plaintiff engaged in protected activity, when he reported discrimination based on race.

105.   On or about May 24, 2019, terminated Plaintiff's employment allegedly for the manner in which he used profanity.

106.   Defendant does not prohibit the use of profanity in its workplace.

107.   Defendant had never disciplined Plaintiff for his use of profanity.

108.   Hutchins received no progressive discipline for profanity or aggressive behavior.

109.   Other employees who have used profanity, even aggressively, have kept their positions.

110.   Defendant made the decision to terminate Plaintiff's employment because of his complaints of racial discrimination.

111.   But for Plaintiff's protected activity, Defendant would not have made the decision to terminate Plaintiff's employment.

112.   Defendant violated 42 U. S. C. § 1981 by terminating Plaintiff in whole or in part for engaging in protected activity.

113.   Because of Defendant's violation of the 42 U. S. C. § 1981, Plaintiff has been damaged suffering loss of pay, benefits, and mental anguish.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for the following relief:

A.   Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting with the Defendant and at

the Defendant's request from continuing to violate the terms of Title VII of the Civil Rights Act of 1964;

B.      Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting with the Defendant and at the Defendant's request from continuing to violate the terms of 42 U.S.C. § 1981;

C.      Enter an Order requiring the Defendant to make Plaintiff whole by awarding reinstatement to the position he would have had, had he not been terminated;

D.      Award back pay, with employment benefits, front pay, compensatory damages, special damages; punitive damages, and or nominal damages;

E.      Attorneys' fees and costs;

F.      Plaintiff requests that the Court award Plaintiff equitable relief as provided by law; and,

G.      Any different or additional relief as determined by the Court to which Plaintiff is entitled.

**JURY TRIAL DEMANDED**

Kira Fonteneau

**OF COUNSEL:**

Barrett & Farahany
2 North 20th Street, Suite 900
Birmingham, Alabama 35204
T: 205.564.9005 F: 205.564.9006


**PLEASE SERVE DEFENDANT AS FOLLOWS**

Holder Construction Company
2 North Jackson St. Ste. 605
Montgomery, AL 36104

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**NORTHERN DISTRICT OF ALABAMA**

**NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| **JUSTIN HUTCHINS,** | **)** | |
| **PLAINTIFF,** | **)** | |
| **V.** | **)** | **CASE NO.:** |
| **HOLDER CONSTRUCTION** | **)** | |
| **COMPANY,** | **)** | **PLAINTIFF DEMANDS TRIAL** |
| **DEFENDANT(S).** | **)** | **BY STRUCK JURY** |

**EXHIBIT A**

EEOC Form 161 (11/2020)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To:  **Justin Hutchins**
(b) (7)(C) 1 line redacted
**Stevenson, AL 35772**

From:  **Birmingham District Office**
**Ridge Park Place**
**1130 22nd Street South**
**Birmingham, AL 35205**

|  |  |
|---|---|
| ☐ | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **420-2020-00521** | **RICHARD W. MUSGRAVE,**<br>**Investigator** | **(205) 651-7014** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒  The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit.  This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☐  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐  Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

SHERI GUENSTER

Digitally signed by SHERI GUENSTER
Date: 2021.07.20 16:24:00 -05'00'

Enclosures(s)

*/for* **BRADLEY A. ANDERSON,**
**District Director**

*(Date Issued)*

cc:  **Holder Construction Company**
**c/o: D Albert Brannen, Attorney**
**FISHER PHILLIPS**
**1075 Peachtree Street NE Suite 3500**
**Atlanta, GA 30309**

**Kira Fonteneau**
**FIVE POINTS LAW GROUP**
**2151 Highland Ave South Suite 205**
**Birmingham, AL 35205**

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**NORTHERN DISTRICT OF ALABAMA**

**NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| **JUSTIN HUTCHINS,** | **)** | |
| **PLAINTIFF,** | **)** | |
| **V.** | **)** | **CASE NO.:** |
| **HOLDER CONSTRUCTION** | **)** | |
| **COMPANY,** | **)** | **PLAINTIFF DEMANDS TRIAL** |
| **DEFENDANT(S).** | **)** | **BY STRUCK JURY** |

**EXHIBIT B**

EEOC Form 5 (11/09)

| | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|

**CHARGE OF DISCRIMINATION**

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

☐ FEPA

☒ EEOC  420-2020-00521

and EEOC

State or local Agency, if any

Name (Indicate Mr., Ms., Mrs.)  **Mr. Justin Hutchins**

Home Phone (Incl. Area Code) **(b) (7)(C) 1 line redacted**

Date of Birth

Street Address **(b) (7)(C) 1 line redacted**

City, State and ZIP Code  **Stevenson, Alabama 35772**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two are named, list under PARTICULARS below.)

| Name **Holder Constructions** | No. Employees, Members **More than 500** | Phone No. (Incl. Area Code) **256-417-4980** |
|---|---|---|

Street Address **48809 AL Hwy 277**   City, State and ZIP Code  **Bridgeport, Alabama 35740**

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|

Street Address   City, State and ZIP Code

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **5/12/2019**  Latest **5/24/2019**
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

1. I am a man of African ancestry.
2. On or about July 11, 2018, I began working for the above-named employer.
3. I worked setting concrete for building foundations.
4. I was titled a Concrete Labor Helper.
5. I also am a Certified operator.
6. As soon as I was hired, I began applying for promotions that I qualified for.
7. Some positions were lead positions and/or operator jobs, since I am certified.
8. Instead of promoting me, Forman, Chris Payne would bring in someone else to fill the open roll.
9. The individuals Payne brought in were all men of European ancestry and less qualified than me.
10. In fact, many of the new hires had previously worked under me on former jobs.
11. In addition, I was being paid less than my peers of European ancestry.
12. For example, Mike Fennel, Darrel Poe, Ray Avans, Tristan Holder, David Holder, Payton Stevens, Jonathan Wright and Alexander (LNU) were all Labor Helpers who were paid between $20 -$22 dollars an hour.
13. I was paid $14.00 an hour.
14. A few of months ago, I began complaining about the difference in pay and asked for a raise.
15. In response to my request, Payne moved me to a different crew and gave me a broom.
16. I was demoted to sweeping only instead of laying foundation or using my operator certification.
17. On or about May 6, 2019, I injured myself while performing duties within the scope of my employment.
18. On May 23, 2019, I again asked about my disparity in pay. I spoke with Mike (LNU), referred to as Carolina Mike on the job site.
19. On May 24, 2019, I was terminated.

RECEIVED
NOV 18 2019
U.S. EEOC

20. I was told that I was terminated because my request for a raise to be paid the same as my European co-workers was considered offensive and not compliant.

21. I believe I have been wrongfully terminated and retaliated against because of my race in violation of Title VII of the Civil Rights Act of 1964, as amended.

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY—When necessary for State or Local Agency Requirements |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 11/18/2019 _____ Date          _____ Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

RECEIVED

NOV 1 8 2019

U.S. EEOC
Birmingham District Office